**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MELISA WEIDELE (Next Friend), on behalf of, RUDY IZAGUIRRE VARGAS**<br><br>**Petitioner,**<br><br>**v.**<br><br>**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE),** ***et al.*****,**<br><br>**Respondents.** | **Civil Action No. 26-12421 (CCC)**<br><br>**OPINION & ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on the submission of a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") by Melisa Weidele as a "next friend" for Petitioner, Rudy Izaguirre Vargas, an immigration detainee confined at Delaney Hall Detention Facility in Newark, New Jersey. ECF No. 1.

Upon the Court's review of this matter, it appears that Petitioner has not signed his Petition. ECF No. 1. Federal Rule of Civil Procedure 11(a) provides: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." As Petitioner has failed to sign his Petition, the Court will administratively terminate this matter. *E.g.*, *Abdalla v. Deo,* No. 18-17077, 2019 WL 1440493, at *5 (D.N.J. Mar. 29, 2019).

Additionally, it appears that Melisa Weidele has prepared the Petition and is attempting to pursue this case on Petitioner's behalf. To the extent Ms. Weidele seeks to file these documents as Petitioner's "next friend," she has not established next friend standing. "[N]ext friend" standing . . . has long been an accepted basis for jurisdiction in certain circumstances." *Whitmore v. Arkansas*,

495 U.S. 149, 162 (1990). "Most frequently 'next friends' appear . . . on behalf of detained prisoners who are unable . . . to seek relief themselves." *Id.* There are two requirements for next friend status. "First, a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163 (citation modified). "Second, the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and it has been further suggested that a 'next friend' must have some significant relationship with the real party in interest." *Id.* at 163-64 (citation modified). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* at 164 (citation modified).

Melisa Weidele, the "next friend," submitted the Petition asserting that Petitioner is "illiterate and cannot read Spanish or English." ECF No. 1 at 2. Giving this *pro se* petition a liberal reading, the Court finds that Petitioner's inability to understand English has satisfied the first requirement for next friend status. However, the Petition provided no information regarding Melisa Weidele's relationship with Petitioner that suggests that she has a "significant relationship" or is truly dedicated to the best interests of Petitioner to satisfy the second prong. Accordingly, Ms. Weidele has failed to demonstrate next friend standing.

Furthermore, the Third Circuit has held that a "non-attorney cannot represent another party, even if acting as a next friend." *Schlemmer v. Cent. Intelligence Agency*, 804 F. App'x 127, 128 n.2 (3d Cir. 2020). As a result, Ms. Weidele, as a layperson, cannot pursue this case as a next friend without retaining an attorney. "In other words, Petitioner can appear on his own behalf ... [,] with an attorney to represent him," or with a next friend who has retained an attorney. *Burton v. United States*, No. 20-5322, 2020 WL 2899496, at *2 (D.N.J. June 3, 2020). For all of those reasons, the

Court will deny Ms. Weidele's request to pursue this case as Petitioner's next friend.

Petitioner may reopen this matter if he timely submits a signed Petition, on his own behalf. Alternatively, Ms. Weidele may reopen this matter if she retains an attorney and files a counseled motion to proceed as Petitioner's next friend. Accordingly,

Accordingly, **IT IS**, THEREFORE, on this 2nd of October 2026;

**ORDERED** that the Petition shall be **DISMISSED WITHOUT PREJUIDCE**; and it is further

**ORDERED** that Petitioner's motion for a temporary retraining order is **DISMISSED AS MOOT**; and it is further

**ORDERED** that, within 14 days of this Order, Petitioner may reopen this matter by submitting (and signing) a *pro se* amended habeas petition; alternatively, Melisa Weidele may serve as next friend upon filing a counseled amended petition in accordance with the above opinion; and it is further

**ORDERED** that the Clerk of Court shall send copies of this Opinion and Order to Petitioner at Delaney Hall Detention Facility in Newark, New Jersey and to Melisa Weidele at 1420 Long Rd, Bridgewater, NJ 08807.

**SO ORDERED**.

*/s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**